Jeffrey C. Toppe, Esq., State Bar No. 329535
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Telephone: (323) 909-2011
Email: jct@toppefirm.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

CARRI ARRIETA, and VERONICA BROWN on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FABLETICS, LLC, FABLETICS, INC., and FABLETICS GC, LLC,

Defendants.

Case No.: 2:26-CV-5796 MCS (SKx)

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.
2. Violation of Cal. Bus. & Prof. Code § 17200, *et seq*.
3. Violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

**(DEMAND FOR JURY TRIAL)**

Plaintiffs CARRI ARRIETA and VERONICA BROWN ("Plaintiffs"), on behalf of themselves and all others similarly situated, and on behalf of the general public, hereby file this First Amended Complaint[1] against Defendants FABLETICS, LLC, FABLETICS, INC., and FABLETICS GC, LLC, and on information and belief allege as follows:

## I. PRELIMINARY STATEMENT

1. This class action is brought against Defendants Fabletics, LLC, Fabletics, Inc., and Fabletics GC, LLC (collectively "Fabletics" or "Defendant") on behalf of a class of consumers unlawfully charged "junk fees" when they shopped online at Defendant's website.

2. Consumers who purchase items from Fabletics are lured onto the Fabletics website by the promise of a low price that does not exist because that advertised price fails to include various mandatory fees ultimately charged at checkout. This type of "drip pricing" has been illegal in California for years.

3. As detailed herein, Defendant adds mandatory "tariff surcharge" fees to a majority of the products it sells to its customers. These fees are not disclosed in the advertised prices, misrepresenting to consumers the total price of the products they intend to buy. As a result, consumers are blindsided by additional fees, requiring them to reevaluate or forgo their purchase plans, or to begrudgingly expand their budgets.

4. Defendant adds additional costs to the advertised prices of the products it sells that are not included in the product's advertised price.

5. For example, on or around November 2, 2025, Plaintiff Arrieta purchased a "Smooth As Hell Shaping Maxi Dress" ("the Arrieta Item"). Fabletics advertised the price of the Arrieta Item as $34.97 on its website. However, when Plaintiff Arrieta added the Item to her cart to purchase, a

[1] Plaintiffs file this First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). Defendants have served neither a responsive pleading nor a motion under Rule 12(b), (e), or (f), and Plaintiff's right to amend once as a matter of course accordingly has not terminated. In the alternative, and to the extent the Court concludes that leave is required under Rule 15(a)(2) or Rule 21, Plaintiff respectfully requests leave: no responsive pleading is on file, no scheduling order has issued, no prejudice is possible at this stage, and leave is to be "freely give[n] when justice so requires." Rule 15(a)(2).

"Tariff Surcharge Fee" of $3.95 was added to the total cost of the Arrieta Item. Arrieta eventually paid $38.92 for the Item.

6. As another example, on or around March 9, 2026, Plaintiff Brown purchased two items: (1) The No-Seam PureLuxe TLC Short 4" and (2) the PureLuxe Plunge Low Impact Bra (the "Brown Items"). Fabletics advertised the price of the Brown Items as $34.95 each on its website. However, when Plaintiff Brown added the Brown Items to her cart to purchase, a "Tariff Surcharge Fee" of $3.95 per item was added to the total cost of the Brown Items.

7. The Tariff Surcharge Fee was not included in the original price of either the Arrieta Item or the Brown Items advertised on Fabletics' website.

8. At all relevant times, Fabletics knew, or should have known, that the prices it advertises on its website do not represent the total price charged to consumers, including all mandatory fees.

9. Advertising products at a price that does not include all mandatory fees, with the exception of taxes imposed by the government, and shipping costs incurred in shipping a product to a consumer, violates California's consumer protection laws, including the Consumers Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law.

10. As a result of Fabletics' failure to take appropriate or remedial action with respect to the Class and California Subclass, and affirmative misrepresentations of material fact, Fabletics has caused Plaintiffs and members of the Class and California Subclass to (1) bear mandatory expenses and costs they otherwise should not have had to bear, (2) be misled as to the actual price of the product, and (3) be subjected to "bait and switch" pricing. Plaintiffs seek to enjoin Fabletics' unlawful and unfair practices, including by public injunctive relief on behalf of the general public, and seek damages and restitution for members of the Class and California Subclass for the losses they have incurred. Plaintiffs also seek attorneys' fees, costs, and expenses.

## II. PARTIES

11. Plaintiff Carri Arrieta ("Plaintiff Arrieta") is a natural person currently residing at 25243 El Greco Dr., Moreno Valley, CA 92553.

12. Plaintiff Veronica Brown ("Plaintiff Brown") is a natural person currently residing at 8215 E White Oak Ridge #110, Orange, CA 92869.

13. At the time of purchase, Plaintiff Arrieta was a California citizen and resident of Riverside County.

14. At the time of purchase, Plaintiff Brown was a California citizen and resident of Orange County.

15. Defendant Fabletics, LLC is a Delaware limited liability company doing business within this state and with its principal place of business located at 800 Apollo Street, El Segundo, CA 90245.

16. Defendant Fabletics, Inc. is a Delaware corporation doing business within this state and with its principal place of business located at 800 Apollo Street, El Segundo, CA 90245.

17. Defendant Fabletics GC, LLC is a Virginia limited liability company doing business within this state and with its principal place of business located at 800 Apollo Street, El Segundo, CA 90245.

18. Defendants jointly own, operate, and control the fabletics.com website and the Fabletics brand. Defendants share a principal place of business at 800 Apollo Street, El Segundo, California, and, on information and belief, share common ownership, management, and officers. On information and belief, each Defendant participated in, authorized, ratified, and benefited from the conduct alleged herein—including the decision to charge the Tariff Surcharge Fee, the setting of its amount, its description to consumers, and its omission from advertised prices—and each acted as the agent and joint venturer of the others, within the course and scope of that agency and joint venture. The precise allocation of functions among the three Defendants is known to Defendants and cannot be known to Plaintiffs without discovery.

## III. <u>JURISDICTION AND VENUE</u>

19. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). There are at least 100 putative Class Members, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive

of interest and costs, and members of the proposed Class are citizens of states different from Defendants. None of the exceptions to CAFA apply to this action.

20. This Court has personal jurisdiction over Defendants through their business operations in this District. The claims of Plaintiffs and all class members arise from, and are closely related to, Defendants' contacts with this District. Defendants' acts and omissions related to its decisions to charge undisclosed tariff surcharge fees emanated from their El Segundo, California headquarters. Defendants have their principal places of business in this District. Additionally, Defendants intentionally avail themselves of the markets within this District, rendering the exercise of jurisdiction by this Court just and proper.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants' principal places of businesses are located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District. .

## IV. FACTUAL ALLEGATIONS

### a. Plaintiff Arrieta's Experience

22. On or around November 2, 2025, Plaintiff Arrieta visited the Fabletics website, at www.fabletics.com.

23. Plaintiff Arrieta did so after browsing the internet for clothing, comparing pricing of various retailers for clothing items she was interested in purchasing, and seeing an advertisement for clothing on the Fabletics website.

24. On or around November 2, 2025, Plaintiff Arrieta purchased the Smooth As Hell Shaping Maxi Dress.

25. Fabletics advertised the price of the Arrieta Item as $34.97 on its website.[2]




26. The "add to bag" button, listed below the color and size options, indicated that the price of the Arrieta Item was $34.97.[3]




27. However, when Plaintiff Arrieta clicked on the button and added the Arrieta Item to her bag to purchase, a "Tariff Surcharge Fee" of $3.95 was added to the total cost of the Arrieta Item.[4]




28. At checkout, Fabletics disclosed (albeit, in inconspicuous gray font) the amount of the mandatory fees for the first time (above image). *See* Footnote 3.

[2] This screenshot was captured on March 12, 2026. The advertisement as it existed on November 2, 2025 is materially identical to the advertisement as it exists on March 12, 2026.

[3] This screenshot was captured on March 12, 2026. The "add to bag" button as it existed on November 2, 2025 is materially identical to the "add to bag" button as it exists on March 12, 2026.

[4] This screenshot was captured on March 12, 2026. The checkout page as it existed on November 2, 2025 is materially identical to the checkout page as it exists on March 12, 2026.

29. Upon clicking the "information" icon next to the word "Tariff," Fabletics described the "Tariff Surcharge Fee" as follows:[5]




30. The mandatory "Tariff Surcharge Fee" was not included in the original price of the items advertised on Fabletics' website.

31. Plaintiff Arrieta's receipt also listed the mandatory "Tariff Surcharge Fee" as a separate charge (image below).




[5] This screenshot was captured on December 16, 2025. The Tariff Surcharge pop-up dialogue box as it existed on November 2, 2025 is materially identical to the Tariff Surcharge pop-up dialogue box as it exists on December 16, 2025.

32. The Tariff Surcharge Fee was not a fee imposed or collected by the government.

33. Ultimately, Plaintiff Arrieta paid $38.92 for the Arrieta Item, despite Fabletics' repeated representations that the price of the Arrieta Item was $34.97.

34. Plaintiff Arrieta continues to shop online for activewear and apparel and would purchase products from Fabletics again if she could trust that the prices Fabletics advertises reflect the true, total price of its products. Because Fabletics continues to advertise prices that omit the mandatory Tariff Surcharge Fee, Plaintiff Arrieta cannot rely on Fabletics' advertised prices when she encounters them. Each time she considers a purchase from Fabletics, she faces the same injury alleged herein: she must either forgo the purchase because Fabletics' advertised prices cannot be trusted, or complete the purchase and be charged a mandatory fee that was not included in the advertised price. Absent injunctive relief, this injury is ongoing and will recur.

**b. Plaintiff Brown's Experience**

35. On or around March 9, 2026, Plaintiff Brown visited the Fabletics website, at www.fabletics.com.

36. Plaintiff Brown did so after browsing the internet for clothing, comparing pricing of various retailers for clothing items she was interested in purchasing, and seeing an advertisement for clothing on the Fabletics website.

37. On or around March 9, 2026, Plaintiff Brown purchased two products: (1) The No-Seam PureLuxe TLC Short 4" and (2) the PureLuxe Plunge Low Impact Bra.

38. Fabletics advertised the price of both products as $34.95 on its website.

39. The "add to bag" button, listed below the color and size options, indicated that the price of both products was $34.95.

40. However, when Plaintiff Brown clicked on the button and added the products to her bag to purchase, a "Tariff Surcharge Fee" of $3.95 per item was added to the total cost of the order.

41. At checkout, Fabletics disclosed (albeit, in inconspicuous gray font) the amount of the mandatory fees for the first time.

42. Upon clicking the "information" icon next to the word "Tariff," Fabletics described the "Tariff Surcharge Fee" as follows:

43. The mandatory "Tariff Surcharge Fee" was not included in the original price of the items advertised on Fabletics' website.

44. Plaintiff Brown's receipt also listed the mandatory "Tariff Surcharge Fee" as a separate charge (image below).




45. The Tariff Surcharge Fee was not a fee imposed or collected by the government.

46. Ultimately, before applying other coupons, Plaintiff Brown paid $38.90 for each of the items, despite Fabletics' repeated representations that the price of each item was $34.95.

47. Plaintiff Brown continues to shop online for activewear and apparel and would purchase products from Fabletics again if she could trust that the prices Fabletics advertises reflect the true, total price of its products. Because Fabletics continues to advertise prices that omit the

mandatory Tariff Surcharge Fee, Plaintiff Brown cannot rely on Fabletics' advertised prices when she encounters them. Each time she considers a purchase from Fabletics, she faces the same injury alleged herein: she must either forgo the purchase because Fabletics' advertised prices cannot be trusted, or complete the purchase and be charged a mandatory fee that was not included in the advertised price. Absent injunctive relief, this injury is ongoing and will recur.

48. Plaintiffs' experiences are not isolated incidents. Fabletics uniformly fails to include the Tariff Surcharge Fee in the prices that it advertises on its website. These hidden fees make it difficult for consumers to compare prices offered by different sites, and consistently results in consumers spending considerably more than they otherwise would.

49. Fabletics' practice is ongoing. As of the filing of this First Amended Complaint, Fabletics continues to charge the Tariff Surcharge Fee and continues to omit it from the prices advertised on its website.

50. Fabletics has engaged in this conduct continuously since approximately February 2025, with knowledge that its advertised prices misrepresent the true price of its products—knowledge confirmed by Plaintiff Arrieta's January 2026 statutory CLRA notice—and in conscious disregard of consumers' rights. Fabletics' conduct constitutes malice, oppression, and fraud within the meaning of Civil Code § 3294 and supports punitive damages under Civil Code § 1780(a)(4).

51. The facts alleged herein took place in California. The misrepresentations made by Fabletics and its decision to not disclose the fees it charges are part of a scheme to mislead consumers, which was conceived, reviewed, approved, and otherwise controlled from Fabletics' headquarters in California. On information and belief, Fabletics' services, including its false advertising, billing and payment for those contested services, were processed in California.

## V. CLASS ACTION ALLEGATIONS

52. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other persons similarly situated and the general public. The proposed nationwide (the "Class") class and subclass (the "Subclass") are defined as follows:

> **The Class: All individuals located within the United States who, within the applicable limitations period, purchased an item**

> **from Fabletics' website and paid a "Tariff Surcharge Fee" that was not advertised in the original price**.

> **<u>The California Subclass</u>: All individuals located within California who, within the applicable limitations period, purchased an item from Fabletics' website and paid a "Tariff Surcharge Fee" that was not advertised in the original price.**

Excluded from the Class and California Subclass are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

53. Plaintiffs reserve the right to amend the Class and California Subclass definitions if further investigation and discovery reveals that the Class and California Subclass definitions should be narrowed, expanded, or otherwise modified.

**<u>Numerosity and Ascertainability</u> — Fed. R. Civ. P. 23(a)(1)**

54. Plaintiffs are unable to state the precise number of members of the Class and California Subclass because such information is in the exclusive control of Fabletics. Due to the nature of the trade and commerce involved, however, Plaintiffs believe that the total number of Class and California Subclass Members is at least in the thousands and members of the Class and California Subclass are so numerous that joinder of all Class and California Subclass Members is impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of Fabletics.

55. The disposition of the claims of these Class and California Subclass Members in a single action will provide substantial benefits to all parties and to the Court. Class and California Subclass Members are readily identifiable from information and records in Fabletics' possession, custody, or control.

**<u>Commonality — Fed. R. Civ. P. 23(a)(2)</u>**

56. There are common questions of law and fact affecting the rights of each Class and California Subclass Member and common relief by way of an injunction and damages. The harm that Fabletics has caused or could cause is substantially uniform with respect to Class and California

Subclass Members. Common questions of law and fact that affect the Class and California Subclass Members include, but are not limited to:

a. Whether Fabletics has and will continue to advertise, offer, and display prices for its products that do not include the "Tariff Surcharge Fee";

b. If so, whether Fabletics' false and/or misleading statements of fact and concealment of material facts concerning the "Tariff Surcharge Fee" associated with its products were likely to deceive the public;

c. Whether Fabletics concealed from Plaintiffs that the price of the products advertised on their website did not include all mandatory fees;

d. Whether, by the misconduct alleged in this action, Fabletics has violated:

   i. the Consumers Legal Remedies Act;

   ii. the Unfair Competition Law; and

   iii. the False Advertising Law;

e. Whether, as a result of Fabletics' misconduct as alleged herein, Plaintiffs and members of the Class and California Subclass are entitled to damages, restitution, injunctive relief, and other remedies, and, if so, the amount and nature of such relief.

**Typicality — Fed. R. Civ. P. 23(a)(3)**

57. Plaintiffs' claims are typical of the claims of the other members of the Class and California Subclass. Fabletics conduct has caused Plaintiffs and members of the Class and California Subclass to sustain the same or substantially similar injuries and damages. Plaintiffs have no interests antagonistic to the interests of the other members of the Class and California Subclass. Plaintiffs and all members of the Class and California Subclass have sustained economic injuries, including ascertainable loss and injury in fact, arising out of Fabletics' violations of law as alleged herein.

**Adequate Representation — Fed. R. Civ. P. 23(a)(4)**

58. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and California Subclass. Plaintiffs are members of the Class and California Subclass and do not have any conflict of interest with other Class and California Subclass Members. Plaintiffs have

retained and are represented by competent counsel who is experienced in complex class action litigation, including consumer class actions such as the present action.

59. Plaintiffs and their counsel are committed to vigorously prosecuting the action on behalf of the Class and California Subclass and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Class and California Subclass.

**<u>Predominance and Superiority</u> — Fed. R. Civ. P. 23(b)(3)**

60. The common questions of law and fact set forth herein predominate over any questions affecting only individual Class and California Subclass Members. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons which is superior to the alternative methods involved in individual litigation:

a. The Class and California Subclass are so numerous as to make joinder impracticable. However, the Class and California Subclass are not so numerous as to create manageability problems. There are no unusual legal or factual issues that would create manageability problems. Prosecution of separate actions by individual members of the Class and California Subclass would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

b. Adjudications with respect to individual members of the Class and California Subclass could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

c. The claims of the individual Class and California Subclass Members are small in relation to the expenses of individual litigation, making a Class action the only procedural method of redress in which Class and California Subclass Members can, as a practical matter, recover.

61. The proposed Class and California Subclass fulfill the certification criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

## VI. CLAIMS TO RELIEF

**FIRST CAUSE OF ACTION**
**(Violations of the Consumers Legal Remedies Act – Civil Code §1750, *et seq*.)**
**(On Behalf of the Plaintiffs and the Nationwide Class, or, alternatively, Plaintiffs and the California Subclass)**

62. Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

63. At all relevant times:

a. The Arrieta Item and the Brown Items, as well as other products advertised by Fabletics and bought by Class members, have been and will continue to be tangible chattels that Fabletics, and/or its vendors and suppliers, has designed, manufactured, and marketed for personal, family, or household purpose that are intended to be purchased or leased and, as such, are "goods" as defined by Civil Code §1761(a);

b. Plaintiffs and members of the Class and California Subclass are individuals who have purchased products advertised by Fabletics for personal, family, or household purposes and, as such, are "consumers" as defined in Civil Code §1761(d);

c. Fabletics is a company and, as such, is a "person" as that term is defined in Civil Code §1761(c); and

d. The purchase of products from Fabletics, such as the Arrieta Item and the Brown Items, constituted agreements between Fabletics on the one hand and Plaintiffs and members of the Class and California Subclass on the other and, as such, constitutes "transactions" as that term is defined in Civil Code §1761(e).

64. In advertising, displaying, and offering its products at a specific price, Fabletics is representing that consumers are able to purchase the product for the listing price, with the exception of taxes or fees imposed by the government on the transaction, and postage or carriage charges that are incurred in the actual shipping of the product to the consumer. Notwithstanding that representation, the listing price of products that Fabletics advertises does not include all mandatory

fees associated with the product, a misrepresentation that has caused Plaintiffs and members of the Class and California Subclass to incur costs in the form of additional fees assigned to these products at checkout.

65. Had Plaintiffs and members of the Class and California Subclass been informed of the true nature of the cost of the products that they wished to purchase from Fabletics, they would not have purchased the product or would have purchased the product from a different website that displayed the true total cost of the product, rather than an artificially low price.

66. At all relevant times, Fabletics was aware the Plaintiffs and members of the Class and California Subclass did not know or could not have reasonably discovered the additional mandatory fees that were attached to the product they sought to buy prior to the product's checkout. Fabletics had a duty to include these mandatory fees in the total price of the product advertised on their website given the materiality of the information and Fabletics' active concealment of material facts from Plaintiffs and Class and California Subclass members.

67. By virtue of this ongoing practice and course of conduct, Fabletics has violated and will continue to violate Civil Code § 1770(a)(29)(A) of the CLRA by advertising prices of its products that do not include all mandatory fees, such as a "Tariff Surcharge Fee." Fabletics has further violated Civil Code § 1770(a)(5), by representing that its products may be purchased for the advertised price and that the additional mandatory fee reflects tariff-driven import costs, when neither is true; and Civil Code § 1770(a)(9), by advertising its products at prices at which it does not intend to, and does not, sell them.

68. Fabletics' violations of the CLRA present a continuing threat to Plaintiffs and members of the Class and California Subclass in that Fabletics continues to engage in the above-referenced acts and practices, and unless enjoined from doing so by this Court, will continue to do so. Plaintiffs, who would purchase from Fabletics again if its advertised prices could be relied upon, remain exposed to these ongoing violations.

69. On or about January 29, 2026, Plaintiff Arrieta provided written notice by certified mail, return receipt requested, to Fabletics' principal place of business within California, informing Fabletics of the violations alleged above and provided Fabletics an opportunity to cure those

violations within the statutory time period. The notice was expressly served on behalf of Arrieta, a nationwide class of similarly situated consumers, and a subclass of California consumers; identified the violations alleged here, including the failure to include the mandatory Tariff Surcharge Fee in advertised prices; and demanded that Fabletics provide full reimbursement to all consumers who paid a Tariff Surcharge Fee and cease and desist from the unlawful conduct. Fabletics did not cure, correct, or cease the practice within the statutory time period, or at all. Plaintiff Brown is a member of the class of consumers on whose behalf that notice was served, and her March 9, 2026 purchase occurred after Fabletics failed and refused to cure. Accordingly, Plaintiffs seek an order awarding all forms of damages available pursuant to Civil Code section 1780(a) (including actual and punitive damages), and an award of attorneys' fees and costs pursuant to Civil Code section 1780(e). Plaintiffs also seek injunctive relief.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

**(Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.)**
**(On Behalf of the Plaintiffs and the Nationwide Class, or, alternatively, Plaintiffs and the California Subclass)**

70. Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

71. Business & Professions Code §17200, *et seq*. (the "Unfair Competition Law" or "UCL") defines unfair competition to include any unlawful, unfair or fraudulent business act or practice. Unfair competition also includes "unfair, deceptive, untrue or misleading advertising." The UCL authorizes courts to order injunctive and/or declaratory relief and other equitable relief to remedy any violations.

72. Fabletics' conduct as alleged above has been and will continue to be unlawful in that the conduct constitutes and will continue to constitute a violation of the CLRA, and the False Advertising Law as alleged herein.

73. Fabletics' advertising of prices that do not include the mandatory "Tariff Surcharge Fee" amounts to a deceptive business practice within the meaning of the UCL. The conduct was

deceptive because it was intended to and did mislead and deceive Plaintiffs and members of the Class and California Subclass.

74. The facts concealed and omitted are material facts that a reasonable consumer would consider important in deciding whether or not to purchase a product or products from Fabletics. Had Fabletics advertised the true total price of its products inclusive of all mandatory fees, the reasonable consumer would have not purchased the product or would have purchased the product from a different company that rivaled the actual cost of the product when purchased from Fabletics. As a result, Fabletics intentionally elected to conceal its knowledge of the cost of its products and its Tariff Surcharge Fee.

75. Plaintiffs lost money when they paid the "Tariff Surcharge Fee." As a direct, proximate and foreseeable result of Fabletics' unlawful and/or deceptive business practices, Plaintiffs and members of the Class and California Subclass have sustained actual damages in that: they have incurred the cost of a "Tariff Surcharge Fee" that was not included in the advertised price of the products they purchased from Fabletics' website.

76. As a result of Fabletics' practices, Plaintiffs and members of the Class and California Subclass have suffered and will continue to suffer injury in fact and lost money. As a direct and proximate result of the acts and practices alleged above, pursuant to Business & Professions Code §17203, Plaintiffs and the Class and California Subclass are therefore entitled to:

a. preliminary and permanent injunctive relief, including public injunctive relief enjoining Fabletics from advertising to the general public prices that do not include all mandatory fees;

b. restitution of all monies paid as a result of Fabletics' deceptive and unlawful practices, including, but not limited to, the cost of the "Tariff Surcharge Fee" that was not included in the advertised price of a product on Fabletics' website.

c. interest as allowable by law; and

d. recovery of Plaintiffs' attorneys' fees and costs and expenses incurred in the filing and prosecuting of this action, pursuant to, inter alia, Code of Civil Procedure §1021.5

WHEREFORE, Plaintiffs pray for the relief set forth below.

**THIRD CAUSE OF ACTION**
**Violation of California's False Advertising Law Cal. Bus. & Prof. Code § 17500, *et seq*.**
**(On Behalf of the Plaintiffs and the Nationwide Class, or, alternatively, Plaintiffs and the California Subclass)**

77. Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

78. Business & Professions Code §17500 *et seq*., also known as the California False Advertising Law, makes it "unlawful for any person, . . . corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . or anything of any nature whatsoever . . . to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement concerning that . . . personal property . . . or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

79. As alleged herein, Fabletics disseminated or caused to be disseminated deceptive advertising of the cost of products on their website. Such advertising, including but not limited to, product advertising and marketing, failed to include all mandatory fees in the displayed price of products, when in fact additional fees would necessarily be incurred when a consumer purchased the product.

80. Fabletics continues to disseminate or cause to be disseminated such deceptive prices as alleged herein.

81. The false and deceptive statements regarding the true cost of products on Fabletics' website are likely to deceive the consuming public.

82. While disseminating or causing to be disseminated the false and deceptive statements regarding the costs of its products, Fabletics knew or should have known that the statements were false or misleading.

83. As a direct and proximate result of Fabletics' false and misleading advertising, Plaintiffs and members of the Class and California Subclass have been injured. Plaintiffs would not have purchased the Arrieta Item or the Brown Items, or would have purchased similar items from a different retailer that rivaled the actual price that Plaintiffs were charged.

84. Fabletics' false and misleading advertising as alleged above presents a continuing threat to Plaintiffs and other members of the public because Fabletics continues to disseminate and advertise false and misleading product prices and will not cease doing so unless and until enjoined or restrained by this Court.

85. Pursuant to California Business & Professions Code §17535, Plaintiffs seek an order enjoining Fabletics from continuing to engage, use, or employ any act prohibited by Business & Professions Code §17500, *et seq.*

86. The injunction sought would constitute public injunctive relief: its primary purpose and effect would be to prohibit ongoing false price advertising directed at the general public, for the benefit of all consumers who encounter Fabletics' advertised prices, rather than to redress only the claims of the parties to this action.

87. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

WHEREFORE, Plaintiffs pray for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Class, and California Subclass members respectfully pray for judgment against Fabletics as follows:

A. That the Court determine that this action may be litigated as a class action and that Plaintiffs and their counsel be appointed class representatives and class counsel, respectively;

B. That the Court enter judgment against Fabletics and in favor of Plaintiffs and the Class and California Subclass on all counts;

C. That Fabletics be required by this Court's Order to compensate all members of the Class and California Subclass for their actual damages, as well as to compensate Plaintiffs' counsel for their attorneys' fees and costs of suit, and that Fabletics be ordered to bear the cost of notice ordered to be sent to the absent Class and California Subclass members, as well as the administration of any common fund;

D. That Fabletics be required by this Court's Order to pay punitive damages to all members of the Class and California Subclass;

E. That damages and/or restitution or disgorgement be awarded to Plaintiffs and each Class and California Subclass member according to proof;

F. That the Court award injunctive and declaratory relief as pled or as the Court may deem proper, including public injunctive relief under Civil Code § 1780(a)(2) and Business and Professions Code §§ 17203 and 17535 enjoining Fabletics from advertising prices that do not include all mandatory fees;

G. That the Court award interest as allowable by law;

H. That the Court award reasonable attorneys' fees as provided by applicable law;

I. That the Court determine that Plaintiffs are the prevailing parties;

J. That the Court award all costs of suit; and

K. That Plaintiffs and the Class and California Subclass members be awarded all such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 4, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq., State Bar No. 329535
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorneys for Plaintiffs**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 4, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq., State Bar No. 329535
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorneys for Plaintiffs**

**DECLARATION OF JEFFREY C. TOPPE**

I, Jeffrey C. Toppe, declare:

1. I am admitted, in good standing, to practice as an attorney in the State of California. All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief. As to such matter, I believe them to be true.

2. Pursuant to Cal. Civ. Code § 1780(d), this Declaration is being submitted pursuant to the Consumer Legal Remedies Act.

3. Venue is proper in this District because Defendants' business is located in Los Angeles County, within the Central District of California. The address for Defendants' business is 800 Apollo Street, El Segundo, CA 90245.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing Declaration is true and correct and was executed by me on the date below.

Date: August 4, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq., State Bar No. 329535
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com